(17 Misc. Rep. 305)

## DAY v. DUCKWORTH.

(City Court of New York, General Term. June 30, 1896.)

PLEADING—COMPLAINT—TORT OR CONTRACT.

The complaint in an action to recover money alleged an agreement between plaintiff and defendant to divide commissions on sales of real estate in certain proportions, that certain sales were made, and that defendant embezzled and converted to his own use plaintiff's share of the commissions. *Held,* that such use of the words "embezzled" and "converted" was nothing more than a legal conclusion, and therefore the judgment entered by the clerk without application to the court, and all subsequent proceedings, were invalid.

Appeal from special term.

Action by John Hegman Day against Walter F. Duckworth. From so much of the order as refuses to vacate and set aside an execution against the person, defendant appeals. Reversed.

Argued before CONLAN and O'DWYER, JJ.

Epstein Bros., for appellant.

Samuel S. Watters, for respondent.

CONLAN, J. This is an appeal from so much of an order as refuses to vacate and set aside an execution against the person of the defendant. The plaintiff commenced an action on the 3d day of January, 1896, by the service of a summons, with notice, on the defendant. No complaint was served, but on January 11, 1896, plaintiff entered judgment against the defendant by default for the sum of $89.47. This judgment was entered by the clerk of the court, without application to the court. The judgment roll consisted of the summons, with notice and affidavit of service, complaint, and statement for judgment. Thereafter, and on March 12, 1896, an execution upon said judgment was issued against the person of the defendant to the sheriff of the county of Kings, and the defendant was arrested by the said sheriff, and was released by the payment to him by the defendant's father, James Day, of the sum of $104.47, the amount of such judgment and sheriff's fees.

The complaint alleges an agreement between plaintiff and the defendant to divide commissions on sales of real estate in the proportion of 60 to 20, the 20 per cent. to be paid over to the plaintiff. After alleging certain sales and the payment of the commissions to the defendant, the complaint charges that the defendant embezzled and converted the said 20 per cent. to his own use, and refused to pay over the same to the plaintiff. If the complaint is one in tort, the judgment having been entered without application to the court, the judgment and all subsequent proceedings should be set aside. If the complaint is simply on contract for money had and received, then the execution against the person of the defendant should be vacated. We are satisfied that the complaint is one on contract, and that the use of the words "embezzled" and "converted" is nothing more than a legal conclusion, and may be disregarded as surplusage. Segelken v. Meyer, 94 N. Y. 473; Cohn v. Beckhardt, 44 N. Y. St. Rep., 544, 18 N. Y. Supp. 84.

It follows, therefore, that the execution issued against the person of the defendant must be vacated, with costs, together with so much of said order as directs that the money collected by the sheriff shall stand and remain with said sheriff.